IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RICARDO RODRIGUEZ TIRADO**, *et. al.*,

   Plaintiffs,

   v.

**SPEEDY BAIL BONDS**,

   Defendant.

Civil No. 13-1671 (PAD/BJM)

## REPORT AND RECOMMENDATION

In 2011, Ricardo Rodriguez-Tirado ("Rodriguez") was arrested in Puerto Rico by bounty hunters. He and his mother, Angelica Tirado-Velazquez (collectively "plaintiffs"), brought this diversity action against Speedy Bail Bonds ("Speedy") and several other defendants,[1] alleging false imprisonment and negligence. Docket No. 1. Speedy counterclaimed, alleging Rodriguez breached the parties' bail bond agreement. Docket No. 12. Sometime after the action was filed, Rodriguez was arrested and detained in New Jersey. Arguing plaintiffs have failed to comply with discovery and to prosecute the action, Speedy moved to dismiss under Federal Rule of Civil Procedure 41(b). Docket No. 40. Plaintiffs opposed. Docket Nos. 42, 45. This matter was referred to me for a report and recommendation. Docket No. 43.

For the following reasons, the motion should be **DENIED**.

### PROCEDURAL BACKRGOUND

In August 2013, the plaintiffs filed this action against Speedy and several other defendants. Docket No. 1. In January 2014, Speedy answered the complaint and filed a counterclaim against Rodriguez. Docket No. 12. The following month, plaintiffs answered Speedy's counterclaim and moved to dismiss their claims against all defendants except Speedy. Docket Nos. 13–14. After receiving a joint motion proposing the pretrial

---

[1] Plaintiffs dismissed the complaint against all other defendants. Docket Nos. 14, 21.

Rodriguez-Tirado, et al. v. Speedy Bail Bonds, Civil No. 13-1671 (PAD/BJM)                                                                 2

schedule for the case, the court ordered that discovery conclude by late August 2014; dispositive motions be submitted by mid-September 2014; and any oppositions to the dispositive motions be filed by mid-October 2014. Docket No. 22.

Thereafter, a status conference was set for October 9, 2014, and a settlement conference for November 7, 2014. Docket No. 29. Due to a personal commitment, plaintiffs' counsel moved to continue the status conference. Docket No. 30 ¶ 2. In his motion, plaintiffs' counsel said he spoke with Speedy's counsel and that the latter had no objection to a continuance. Docket No. 30 at 1 ¶ 4. I granted the motion and re-scheduled both the status and settlement conferences for November 7, 2014. Docket Nos. 31–32. The day before the conference, plaintiffs' counsel again moved to continue, explaining that he had not been able to find Rodriguez and that he recently learned Rodriguez was incarcerated in New Jersey. Docket No. 33 at 1–2 ¶ 5. According to plaintiffs' counsel, Speedy's counsel expressed no objection to the continuance. *Id.* at ¶ 9. That same day, I granted the plaintiffs' motion. Docket No. 34.

In early January 2015, both parties attended a status conference. Docket No. 35. The parties had not completed discovery due to Rodriguez's detention in New Jersey. Docket No. 35. As a result, plaintiffs requested additional time to complete discovery; Speedy did not object to that request. Docket No. 35. Thus, the discovery period was extended to April 2015, and the deadline for dispositive motions was extended to May 2015. Docket No. 35. I informed the parties that these extensions were final. Docket No. 35.

In April 2015, the parties jointly moved to extend discovery until August 2015. Docket No. 36. I granted that motion, and again notified the parties that no further extensions would be granted. Docket No. 37. Notwithstanding, the parties again jointly moved to extend discovery until October 2015. Docket No. 38. I granted that motion, noted the case was over two years old, and notified the parties that no further requests for extensions would be entertained. Docket No. 39. Approximately two weeks later, Speedy

moved to dismiss the action because of plaintiffs' alleged failure to prosecute and to comply with discovery. Docket No. 40. Speedy attached to its motion an e-mail in which it requested discovery from plaintiffs, including plaintiffs' responses to Speedy's interrogatories. Docket No. 40-1. Plaintiffs subsequently informed the court that they have now supplied these responses to Speedy. Docket No. 45.

## DISCUSSION

Speedy contends the action should be dismissed because plaintiffs have failed to comply with discovery and to prosecute the action. But not so fast, Speedy—plaintiffs contend—arguing that the motion is premature because they never violated an order compelling discovery and because they have attempted to prosecute the action within the constraints imposed by Rodriguez's detention.

Under Rule 41(b), a court may dismiss an action if "the plaintiff fails to prosecute or to comply with the[ Federal Rules of Civil Procedure] or a court order . . . ." Fed. R. Civ. P. 41(b). If a court does so, the dismissal generally "operates as an adjudication on the merits" unless the court specifies otherwise. *See id.*; *Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011). For this reason, courts are generally loathe to dismiss per Rule 41(b) unless there has been a "showing of serious default." *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957) (Clark, J.); *accord Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003) ("dismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme").

To evaluate the propriety of a dismissal under Rule 41(b), the First Circuit has held that the district court should consider the "totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." *Young*, 330 F.3d at 81 (court considered "all the pertinent circumstances" and "myriad factors," including "the trial court's need to maintain order and prevent undue delay, the prejudice (if any) to the offender's adversary, and the salutary policy favoring the disposition of cases on the merits").

Importantly, however, a dismissal for failure to comply with discovery is governed by Federal Rule of Civil Procedure 37, not Rule 41(b). *See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207 (1958) ("whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ as well as by authorizing any order which is 'just.' There is no need to resort to Rule 41(b)"); *see also Gonzalez v. City of N.Y.*, 354 F. Supp. 2d 327, 347 (S.D.N.Y. 2005) (Rule 41(b) motion denied where exclusive bases for motion were the plaintiffs' alleged failure to respond adequately to interrogatories and to produce a witness); Wright et. al., Federal Practice & Procedure § 2369 (3d. ed. 2009) ("reliance on Rule 41, or on the court's inherent power, as authority for dismissal for failure to comply with a discovery order is improper since Rule 37 is the exclusive source of authority for dismissal on this ground").

Speedy contends a dismissal under Rule 41(b) is proper because despite multiple attempts to resolve discovery issues without the court's intervention, plaintiffs have failed to produce documents, provide answers to its interrogatories, and produce Rodriguez so that he may be deposed. Def.'s Mot. Dismiss at 2 ¶¶ 3–5. Because Speedy's Rule 41(b) motion is premised on plaintiffs' alleged failure to comply with discovery, Rule 37—not Rule 41(b)—is the proper procedural vehicle to obtain relief. *See Rogers*, 357 U.S. at 207; *Gonzalez*, 354 F. Supp. at 347. Speedy has not moved for a discovery order under Rule 37. That it has not done so is fatal to its motion to dismiss because "[Rule 37]'s language clearly requires two things as conditions precedent to engaging the gears of the rule's sanction machinery: a court order must be in effect, and then must be violated, before the enumerated sanctions can be imposed." *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R.*, 248 F.3d 29, 33 (1st Cir. 2001) (quoting *R.W. Int'l Co. v. Welch Foods, Inc.*, 937 F.2d 11, 15 (1st Cir. 1991)).

Neither is a dismissal warranted for failure to prosecute. Although I have noted that this case is over two years old, and that concern is a serious one, the "totality of the events" presented here do not warrant a Rule 41(b) dismissal. *See Young*, 330 F.3d at 81 (trial court should consider its need to maintain order and prevent undue delay). The court should find so for three reasons.

First, Speedy cannot claim prejudice because it either approved of or did not object to the continuances and extensions of time that have resulted in protracted litigation in this case. *See id.* Indeed, the parties jointly moved on two occasions to extend the discovery deadline. Docket Nos. 36, 38. And Speedy did not object to plaintiffs' various requests for continuances or their January 2015 request to extend the discovery deadline. Docket Nos. 30, 33, 35. The multiple extensions of the discovery deadline alone have resulted in months of delay that cannot be solely attributed to motions filed by the plaintiffs.

Dismissal is unwarranted for a second reason. It appears that much of the delay has been caused by the constraints imposed by Rodriguez's detention in New Jersey. As both parties note, Rodriguez's detention has made it difficult to complete discovery. Yet, Speedy first made the court aware of its serious dissatisfaction with the delay when it filed its Rule 41(b) motion. For this reason, the court has not "forewarned" the plaintiffs of the possible sanctions that could result from failure to prosecute. *See Young*, 330 F.3d at 81. This is significant because "dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order." *Id.*

Third, plaintiffs have informed the court that they have now responded to Speedy's interrogatories. Speedy does not explain what prejudice, if any, has resulted from obtaining the responses at this juncture. *See id.* Under these circumstances, it is not evident that at this particular juncture the plaintiffs have engaged in extreme dilatory misconduct warranting a Rule 41(b) dismissal. Thus, the court should deny Speedy's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the motion should be **DENIED**.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b) (1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 17th day of February 2016.

*S/Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge