IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RICARDO RODRIGUEZ-TIRADO, et al.**

**Plaintiffs,**

v.

**SPEEDY BAIL BONDS, et al.**

**Defendants**

**CIVIL NO. 13-1671 (PAD)**

**MEMORANDUM AND ORDER**

Before the court is defendant's "Informative Motion Regarding Court Order and Requesting Completion of Discovery" (Docket No. 55). To the extent the motion seeks authorization to conduct discovery, it is DENIED.

On August 31, 2013, plaintiff initiated this action against various defendants alleging negligence under Puerto Rico law (Docket No. 1). On February 24, 2014, the court issued a Case Management Order setting August 31, 2014 as the discovery cutoff date, and granting the parties until September 15, 2014 to move for summary judgment (Docket No. 22). On January 12, 2015, the discovery period was extended to April 30, 2015, and the summary judgment motion deadline to May 29, 2015 (Docket No. 35).

On April 30, 2015, the parties filed a joint motion for extension of time to conclude discovery by August 1, 2015 (Docket No. 36). The motion was granted the following day (Docket No. 37). On July 31, 2015, the parties filed another joint motion for extension of time, until October 1, 2015, to conclude discovery (Docket No. 38). That request was granted (Docket No. 39). The court, however, forewarned the parties that the case was over two years old such that no further requests for extensions would be entertained. On April 11, 2016, defendant asked the court

Rodriguez-Tirado et al v. Speedy Bail Bonds et al
Civil No. 13-1671 (PAD)
Memorandum and Order
Page 2

for (1) authorization to take plaintiff's deposition; and (2) an order for plaintiff to make himself available to the same (Docket No. 55 at pp. 6-7).

In general, a litigant who seeks an extension of time must show good cause for the desired extension. See, Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 26 (1st Cir. 2013)(so holding). The standard applies to requests to extend discovery deadlines. O'Connell v. Hyatt Hotels, 357 F.3d 152, 154 (1st Cir. 2003). Where the litigant is faced with an expired deadline, more is required: it must show that its failure to request an extension in a timeous manner constitutes excusable neglect. Rivera-Almodovar, 730 F.3d at 26. Determining the existence *vel non* of excusable neglect takes into account the totality of circumstances, including whether the record reflects intervening circumstances beyond the party's control. Id. at 27.

Here, the parties should have completed discovery by October 1, 2015. Defendant did not seek an extension of that deadline before it elapsed. Even though by defendant's account, it attempted to take plaintiff's deposition but could not do so due to plaintiff's failure to appear, defendant did not seek court assistance to address the problem at that time. Rather, it asked for an order to complete discovery, more than six (6) months after expiration of the discovery cutoff date. There are no circumstances beyond defendant's control justifying the order it seeks. See, Rivera-Almodovar, 730 F.3d at 26 (denying request to extend discovery subsequent to deadline; movant showed no circumstances beyond her control to justify the delay); Richardson v. City of New York, 326 Fed. Appx. 580, 581 (2d Cir. 2009)(denying as untimely motion to compel filed over one month after the close of discovery); Flynn v. Health Advocate, 2005 WL 288989, *7 (E.D. Penn. Feb. 8, 2005)(denying motion to compel filed past the discovery deadline); Claytor v. Computer Associates, 211 F.R.D. 665, 666-667 (D. Kansas 2003)(denying motion to conduct discovery after deadline, since plaintiff should have brought before the court prior to expiration of

deadline, the defendants' failure to produce the information which she invoked as grounds to justify the authorization requested).

For the reasons stated, defendant's "Informative Motion Regarding Court Order and Requesting Completion of Discovery" (Docket No. 55) is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of April, 2016.

                                                S/Pedro A. Delgado-Hernández
                                                PEDRO A. DELGADO-HERNÁNDEZ
                                                United States District Judge